```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------X
HOLTON HIBBERT,

                        Plaintiff,

        -against-

CITY OF NEW YORK, SERGEANT WILLIAM RYAN,
SHIELD #2188, DETECTIVES TIMOTHY FEEHAN,
SHIELD #552 and JAMES SCHUERLEIN, SHIELD
#5523, POLICE OFFICER MENDEL, UNDERCOVER
POLICE OFFICERS SHIELD #2788 and #11814,
UNIDENTIFIED NEW YORK CITY POLICE
OFFICERS, UNIDENTIFIED NEW YORK CITY FIRE
DEPARTMENT EMERGENCY MEDICAL TECHNICIANS,

                        Defendants.
---------------------------------------------X
```

**FIRST AMENDED COMPLAINT**

CIVIL ACTION NO.:
00-CV-    `(DGT)(MDG)

00CU 1256

**JURY TRIAL DEMANDED**

The plaintiff, complaining of the defendants, by his attorney, THOMAS SHEEHAN, ESQ. of CHEDA & SHEEHAN, respectfully shows to this Court and alleges:

**JURISDICTION**

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being an action authorized by law to

redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4. That venue is proper pursuant to 28 U.S.C. § 1391(b)(1 and 2).

5. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

**PARTIES**

6. That the plaintiff, a Black male, who has dread locks, is a resident of the United States and of the County of Queens, State of New York.

7. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof, and that NYC is vicariously liable for the violations of New York State tort law by its servants, agents and employees via the principle of respondeat superior as at all times

relevant all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

9. Upon information and belief, that at all times hereinafter mentioned, defendants SERGEANT WILLIAM RYAN, SHIELD #2188, DETECTIVES TIMOTHY FEEHAN, SHIELD #552 and JAMES SCHUERLEIN, SHIELD #5523, POLICE OFFICER MENDEL, UNDERCOVER POLICE OFFICERS SHIELD #2788 and #11814 and UNIDENTIFIED NEW YORK CITY POLICE OFFICERS UNIDENTIFIED NEW YORK CITY FIRE DEPARTMENT EMERGENCY MEDICAL TECHNICIANS were employed by the defendant, CITY OF NEW YORK, as police officers and emergency medical technicians respectively.

10. The NEW YORK CITY POLICE DEPARTMENT, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the defendant, CITY ON NEW YORK (NYC), is responsible for the policies, practices and customs of the New York City Police Department as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

11. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and under

the authority of their office as police officers or emergency medical technicians of said state, county and city.

## STATEMENT OF FACTS

12. On September 25, 1999, at about 4:30 p.m. plaintiff was near the intersection of 212th Street and Jamaica Avenue, Queens, New York, when he was surrounded by the defendants including upon information and belief defendants SCHUERLEIN, RYAN, MENDEL, FEEHAN and UNIDENTIFIED OFFICERS. One of the defendants pulled plaintiff's hat down over his eyes. Grabbed his arms and handcuffed plaintiff. Plaintiff was then held and punched in the body and face. Plaintiff was lifted up and thrown in a police van. Placed in a van without seats while handcuffed plaintiff was tossed around in the van as it was driven causing injury. After being in the van for a long time and several other arrests at other locations, plaintiff was taken to the precinct, where he was searched and placed in a cell. By this time plaintiff's hand was throbbing from the handcuffs. Afterwards, the defendants returned to the cell to once again handcuff the plaintiff. The plaintiff explained his hand was injured and he needed a doctor. The defendants told the plaintiff that an ambulance would take him to the hospital. Defendants then tried to get plaintiff to sign a paper and upon plaintiff's refusal, the plaintiff was assaulted when four defendants came in the cell. One of them grabbed plaintiff's neck

him against the cell and then threw plaintiff to the floor. Plaintiff was then kneed in the chest, then punched, pushed and kicked all over and handcuffed. Plaintiff was then thrown against a pipe, handcuffed to the pipe in such a way that his arms were forced up in the air forcing his head down to about knee level. Plaintiff was left in this torturous position for about an hour. At this time, plaintiff was removed from the pipe causing him to fall to the ground. Plaintiff was then punched in the face, had a sheet placed over his head, had his head slammed against the wall and was knocked unconscious. Plaintiff was then restrained by a straight jacket type device and carried to an ambulance. The ambulance driver intentionally drove the ambulance in a way to force the plaintiff to roll and get banged up while taunting plaintiff. Defendants refused to loosen the handcuffs which were cutting into plaintiff's wrists. Plaintiff was taken to the hospital where he was tied to a bed. Blood was taken and medication was given to the plaintiff against his will. Plaintiff was then brought to court where he was arraigned and bail was set. After being bailed out, plaintiff was forced to return to court until the false charges of resisting arrest, disorderly conduct and possession of marijuana were dismissed. Upon information and belief defendant UNDERCOVER OFFICERS falsely allege that plaintiff bought marijuana, defendant SCHUERLEIN alleges plaintiff swallowed

marijuana, was disorderly and resisted arrest, defendants RYAN and FEEHAN falsely alleged that plaintiff attacked them and other inmates to try to get plaintiff wrongly committed for psychiatric reasons to a hospital.

13. The arrest of the plaintiff is part of a longstanding pattern of harassment and discrimination, of unlawful stops, seizures and searches. This pattern and practice was the result of institutionalized racism, selective use of the police in minority areas, selective enforcement of the laws in minority areas and from the use of arrest quotas. This pattern and practice was allowed to continue because of the deliberate indifference of policy making officials

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF

14. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

15. That the plaintiff's rights have been violated under the Fourth and Fourteenth amendments of the United States Constitution pursuant to 42 U.S.C. § 1983. Plaintiff was unlawfully seized, assaulted, detained, imprisoned, forced to appear in court, interrogated, his rights to privacy were violated, subjected to unlawful stop and search and subjected to intentional infliction of emotional distress. Plaintiff's Fourth and Fourteenth amendments

rights were violated.

16. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiff's rights: to be secure in his person, papers and effects against unreasonable searches and seizures; not to be deprived of life, liberty, and property without due process of law.

17. That the said violation of plaintiff's rights was caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of any crimes.

18. That the defendants, their agents, servants and employees acting within the scope of their authority and within the scope of their employment, assaulted, searched, detained and seized the plaintiff and imprisoned the plaintiff, maliciously prosecuted (forced to appear in court) even though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that the matters hereinbefore were alleged wrongfully, unlawfully and without sufficient charges having been made against the plaintiff.

19. That the defendants conspired together to violate plaintiff's rights in that the individual defendants acted in concert to unlawfully violate plaintiffs' rights. Said conspiracy

included the overt acts of falsely imprisoning plaintiff, searching, and maliciously prosecuting the plaintiff, disseminating false information about plaintiff.

20. That the plaintiff was wholly innocent of said criminal charges and other charges and did not contribute in any way to the conduct of the defendants, their agents, servants and employees and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

21. That as a result of the aforesaid accusations made by defendants, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was compelled to appear before Judges of the Criminal Court of the City of New York, Queens County.

22. That the defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned dates, times and places, intended to confine the plaintiff; in that the plaintiff was conscious of the confinement; plaintiff did not consent to the confinement; and, that the confinement was not otherwise privileged.

23. That by reason of the unlawful conspiracy, false arrest, imprisonment and detention of the plaintiff, and other violations of plaintiff's rights, plaintiff was subjected to great indignities, humiliation and ridicule, in being so detained and

greatly injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting his necessary affairs and business, and plaintiff was charged and prosecuted with various crimes and he was caused to suffer injury and pain and other financial losses.

24. That by reason of the aforesaid, plaintiff has been damaged in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS and is entitled to an award of punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

26. That the individual defendants failed in their affirmative duty to intervene to protect the constitutional rights of plaintiff from infringement by other law enforcement officers in their presence. That by way of the defendant officers' failure to intercede to prevent the harms caused by the actions of the other defendants that they observed depriving the plaintiff of his constitutional rights and because there were realistic opportunities to intervene to prevent the above stated harms from occurring, all the above mentioned defendant officers are liable to the plaintiff for the resulting constitutional deprivations and the resulting aforementioned harms plaintiff suffered and still suffers from due to defendants failure to exercise their affirmative duty

to act.

27. That by reason of the aforesaid, plaintiff HOLTON HIBBERT has been damaged in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS and is entitled to an award of punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

29. Defendant the CITY OF NEW YORK and UNIDENTIFIED POLICE OFFICERS, who were supervisors as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's constitutional rights under 42 U.S.C. § 1983, failed to adequately discipline, train or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above mentioned conduct and allowing for the continuation of the criminal case.

30. Defendants, the CITY OF NEW YORK and UNIDENTIFIED POLICE OFFICERS, who were supervisors, as a matter of policy and practice, have with deliberate indifference failed to properly sanction or discipline police officers, including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing defendants in this case, to engage in unlawful conduct.

31. Defendants as a matter of policy and practice, have with deliberate indifference failed to sanction or discipline police

10

officers, including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers, thereby causing and encouraging police, including defendants in this case, to engage in unlawful conduct.

32. That the defendants have also with deliberate indifference failed to intercede to stop the violation of the plaintiffs's rights.

33. That the defendant police officers, each of them, separately and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the CITY OF NEW YORK and the defendants here, separately and in concert, engaged in the illegal conduct above mentioned to the injury of the plaintiff and deprived plaintiff of his rights under the Constitution of the United States and the laws of the United States.

34. The Police Officers of the defendant CITY OF NEW YORK and its individual members who are agents, servants and employees of defendants, together with persons unknown to plaintiff, acting under color of law, have subjected plaintiff and other persons to a pattern of conduct consisting of illegal harassments, assaults and batteries, false imprisonments and arrests, racial and ethnic discrimination, and malicious prosecutions at the time said persons were lawfully and properly partaking in lawful activities in

exercising their rights to assemble, travel, demonstrate and petition the government in the City and State of New York, in denial of rights, privileges and immunities guaranteed plaintiff and other citizens by the Constitution of the United States.

35. This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, false arrest and false imprisonment and malicious prosecution visited on plaintiff and other citizens by members of defendant CITY OF NEW YORK's police department and, acting in concert with persons unknown to plaintiff and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

36. Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendants CITY OF NEW YORK and UNIDENTIFIED POLICE OFFICERS, have not taken any steps nor made any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

37. It was and is the policy and custom of the CITY OF NEW

YORK to investigate inadequately and improperly civilian complaints of police misconduct. The Internal Affairs Bureau (IAB) and the Civilian Complaint Review Board (CCRB) have substantially failed to investigate and discipline transgressors. From 1993 through December 1996, CCRB received at least 18,336 complaints, yet the NYPD dismissed only one police officer as a result of a CCRB investigation. Further the CCRB does not investigate thousands of complaints in that they are often referred for investigation to a suspect police officer's co-precinct workers. These investigations are a sham and almost always result in no action against the officer.

38. There is no degree/level of punishment between thirty days suspension and dismissal, and dismissal is almost always held to be too harsh. This system of punishment is wholly inadequate and allows corrupt and/or abusive and/or incompetent officers to remain on NYPD.

39. The CITY has been repeatedly warned over the last at least twenty five years that the NYPD has a systematic tolerance for brutality.

40. It was and is the policy of the CITY to give police officers suspected of criminally assaulting a civilian forty eight hours to delay in answering any questions. This rule is applied to both police officers who have committed crimes and/or witnessed the crimes. This allows the police officers to cover up their

wrongdoing and helps perpetuate the "blue wall of silence". The CITY has allowed this code of silence to exist so as to constitute an actual policy of the CITY. The CITY has been deliberately indifferent to the needs of police officers who witness or have information regarding police misconduct. The CITY has failed to properly sanction police officers who withhold information, conceal information and/or aid misconduct by other officers, thereby encouraging police officers to violate the rights of individuals. Further, the CITY fails to take any action against police officers who threaten, intimidate and actually harm other police officers to enforce the code of silence.

41. That the CITY has no system in place to monitor and/or investigate wrongdoing and criminal behavior by police officers brought to its attention through lawsuits and notices of claims.

42. That defendant CITY has failed to criminally investigate and prosecute police officers.

43. That by reason of the aforesaid violations of the constitution and law by the defendants, their agents, servants and employees, who conspired together to wrongfully deprive the plaintiff and compel him to abandon his rights and privileges as provided in the Constitution of the United States of America, and provided in the Constitution of the State of New York, and laws thereto, the defendants, their agents, servants and employees violated 42 U.S.C. § 1983 in that the defendants, their agents,

servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the CITY OF NEW YORK and UNIDENTIFIED POLICE OFFICERS subjected or caused to be subjected, citizens of the United States or other persons within the jurisdiction, particularly the plaintiff, thereof to be deprived of his rights, privileges or immunities received by the Constitution and laws of the United States of America and of the State of New York; injured in his character and reputation, prevented from attending his usual businesses and vocations and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the plaintiff.

44. That by reason of the aforesaid, the plaintiff suffered emotional and/or physical injuries and that he was otherwise damaged.

45. That by reason of the aforesaid, plaintiff HOLTON HIBBERT has been damaged in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS.

WHEREFORE, plaintiff HOLTON HIBBERT demands judgment against the defendants in the sum of TWENTY MILLION ($20,000,000.00) DOLLARS and punitive damages on the First Cause Of Action; TWENTY MILLION ($20,000,000.00) DOLLARS and punitive damages on the Second Cause of Action; TWENTY MILLION ($20,000,000.00) DOLLARS on the Third Cause of Action; and

reasonable attorneys' fees; together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated:  January 23, 2001
        Queens, New York

_____
THOMAS SHEEHAN, ESQ., TS-1345
CHEDA & SHEEHAN
Attorney for Plaintiffs
76-03 Roosevelt Avenue
Jackson Heights, NY 11372
(718) 478-4868